IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| INDEMNITY INSURANCE CORPORATION,<br><br>                                    *Plaintiff*,<br>v.<br><br>JADE PRESENTS, LLC,<br><br>                                  *Defendant*. | Civil Action No. _____ |

### Original Complaint for Declaratory Relief

Plaintiff Indemnity Insurance Corporation ("Indemnity") files this Original Complaint for Declaratory Relief against Defendant Jade Presents, LLC ("Jade Presents"), under 28 U.S.C. §§ 1332 and 2201, and would respectfully show the Court as follows:

### I. Introduction

1.       This declaratory judgment action seeks a determination concerning the scope and nature of Indemnity's obligations, if any, under an insurance policy issued to Defendant Jade Presents, LLC, in connection with the claims and lawsuit alleging injuries to Robert L. Brooks and Linda Brooks, styled *Robert L. Brooks v. Jade Presents, LLC, et al.*, Case No. 11-CV-221, in the Circuit Court of Brown County, Wisconsin (the "*Brooks* Lawsuit"). Indemnity seeks a declaration that it has no duty to defend Jade Presents in the *Brooks* Lawsuit.

## II. Parties

2. Indemnity is an insurance company incorporated in the State of Delaware. Indemnity has its principal place of business in the State of Maryland. Indemnity is a citizen of Delaware and Maryland for diversity jurisdiction purposes.

3. Defendant Jade Presents, LLC, is a limited liability company organized and existing under the laws of the State of North Dakota, with its principal place of business in Fargo, North Dakota. Jade Presents is a citizen of North Dakota for diversity jurisdiction purposes.

4. Service may be had on Defendant Jade Presents, LLC, by private process on its registered agent: JOEL M. FREMSTAD, PLLC, 3003 32ND AVE S STE 240, PO BOX 3143, FARGO, ND 58108-3143. Indemnity requests that summons be issued and served upon this defendant.

## III. Jurisdiction & Venue

5. This suit is filed under 28 U.S.C. § 2201, which authorizes actions for declaratory judgment. This suit is within the Court's diversity jurisdiction under 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Indemnity seeks a declaratory judgment concerning the rights and duties of the parties under an insurance policy issued by Indemnity to Defendant Jade Presents, LLC.

6. Venue is proper in this district under 28 U.S.C. § 1391 as Defendant Jade Presents, LLC, is a resident of North Dakota and a substantial part of the events and omissions giving rise to the claims occurred in this district.

7. All necessary persons having an interest in the outcome of this litigation have been joined as parties. The interest of Indemnity is adverse to the interest of Defendant herein.

## IV. Facts

### Introduction

8.     This case asks the Court to determine whether the claims presented in the *Brooks* Lawsuit (described below) fall within the insurance coverage afforded under the insurance policy issued by Indemnity to Jade Presents. As discussed below, the allegations asserted in the *Brooks* Lawsuit trigger certain clear exclusions under the Policy that disclaim any obligation on the part of Indemnity to provide a defense to Jade Presents.

### The Incident

9.     On May 7, 2008, Robert L. Brooks ("Brooks"), was working security at a concert by the musical group As I Lay Dying at the Riverside Ballroom in Green Bay, Wisconsin.

10.    The concert's promoter was Jade Presents.

11.    While Brooks was providing security at the concert, and working within the scope of his employment with Sterling Investigation, he struck his head and neck on the edge of the stage and sustained various injuries as a result.

### The *Brooks* Lawsuit

12.    After the incident, Brooks and his wife, Linda Brooks, made claims against Jade Presents and others in a lawsuit styled *Robert L. Brooks v. Jade Presents, LLC, et al.*, Case No. 11-CV-221, in the Circuit Court of Brown County, Wisconsin (the "*Brooks* Lawsuit").

13.    In the Amended Complaint (attached as Exhibit 1 to this Complaint), Brooks alleges that during the course of that evening, while performing his duties providing security for the concert, he "struck the back of his head and neck on the edge of the stage, injuring his head and spinal cord and other injuries." Amended Complaint ¶ 11.

14. Brooks and his wife ("the *Brooks* Plaintiffs"), allege, in pertinent part, that the incident "was proximately caused by the negligence of Jade Presents, LLC, its agents and employees," and as a result, Robert Brooks "suffered personal injuries for which he required and received medical attention, including spinal surgery, and which caused pain and suffering and permanent injuries." Amended Complaint at ¶¶ 36-37.

15. Furthermore, as a result of those injuries, the *Brooks* Plaintiffs allege that Robert Brooks "suffered past, present, and future pain and suffering, medical and other expenses, mileage, wage loss, loss of earning capacity, vocational impairment, emotional distress, loss of enjoyment of life, permanency and disfigurement." Amended Complaint at ¶ 38.

16. The *Brooks* Lawsuit seeks recovery of compensatory damages for alleged negligence against Jade Presents. Liability has been denied by Jade Presents and the action is being vigorously defended. Indemnity has been providing a defense to Jade Presents pursuant to a full and complete reservation of rights pending a judicial determination of whether it has a duty to defend Jade Presents in the *Brooks* Lawsuit.

**The Insurance Policy**

17. Indemnity issued Policy No. 3007155, a general liability policy, to Jade Presents (the "Policy") (from which relevant excerpts are attached as Exhibit 2 to this Complaint). The Policy covers the period of April 25, 2008 through April 25, 2009, and has a limit of $1 million for each occurrence, subject to the Policy's terms, conditions, coverages and exclusions.

18. The Policy provides coverage for those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies, and provides that Indemnity will have the right and duty to defend the insured against any "suit" seeking those damages. Policy at 4. However, the Policy also provides that

"[v]arious provisions in this policy restrict coverage" and that Indemnity "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." Policy at 4. As a result, the insured is advised to "[r]ead the entire policy carefully to determine rights, duties and what is and is not covered." Policy at 4.

## The Exclusions

19. The Policy contains exclusions applicable to the claims made against Jade Presents in the *Brooks* Lawsuit and disclaim any duty to defend on the part of Indemnity.

### *The Security Operations or Activities Exclusion*

20. The first applicable exclusion is the Policy's "Exclusion – Security Operations or Activities" (the "Security Endorsement"). Policy at 32. The Security Endorsement expressly excludes coverage for any claim arising out of security operations or activities. Specifically, the Security Endorsement provides that:

> 1. This insurance <u>does not apply</u> to any loss, claim, "suit", cost, expense or liability for damages, directly or indirectly based on, attributable to, arising out of, involving, resulting from or in any way related <u>to security operations or security activities, whether performed by [Jade Presents] or a third party</u>, including but not limited to:
>
>    a. defense, safety, protective, barricade or security fencing operations or activities; or
>
>    b. crowd, patron or audience control, supervision or management operations or activities; or
>
>    c. T-shirt security, patron search, patron patdown, wanding, patron property search, patron ejection, door supervision or security guarding.

2. This insurance also does not apply to any loss, claim, "suit", cost, expense, or liability for damages, directly or indirectly based on, attributable to, arising out of, involving, resulting from or in any way related <u>to the employment, hiring, contracting of, investigation, supervision, management, training or retention of any entity or person engaged in any of the operations or activities in Number 1 above.</u>

3. This insurance also does not apply to any loss, claim, "suit", cost, expense, or liability for damages, directly or indirectly based on, attributable to, arising out of, involving, resulting from or in any way related to the alleged failure to provide or inadequate provision of any of the operations or activities in Numbers 1 or 2 above.

Policy at 32 (emphasis added).

21. The Amended Complaint explicitly alleges that Brooks was injured while "providing security at a concert." Amended Complaint at ¶ 11. Accordingly, the allegations of the Amended Complaint fall squarely within the exclusions provided under the Security Endorsement.

22. The Security Endorsement also contains the following provision:

[Indemnity] ha[s] no duty to defend [Jade Presents] against any claims or "suits" seeking damages for "bodily injury" or "property damage" or "personal and advertising injury" in regard to the matters covered by this exclusion and [Indemnity] ha[s] no duty to pay damages in regard to the matters covered by this exclusion. If a "suit" or claim is brought against [Jade Presents] which contains allegations related in any way to the matters covered by the exclusion, [Indemnity] will have no obligation or liability to pay sums or perform acts or services. Such lack of coverage, lack of duty to defend and lack of duty to pay damages may result in financial loss to [Jade Presents] and/or to those persons insured under this policy.

Policy at 32.

23.     The Security Endorsement excludes any duty to defend on the part of Indemnity. The Amended Complaint in the *Brooks* Lawsuit unquestionably alleges that the Incident occurred while: (a) Brooks was working security at the Concert; and that (b) Brooks was injured during the course of that employment. Amended Complaint at ¶ 11. The Security Endorsement clearly and unambiguously excludes coverage and a defense under the Policy for any claim or "suit" arising out of security operations or activities. Policy at 32. Accordingly, the Security Endorsement extinguishes any obligation Indemnity may have to provide a defense to Jade Presents for any claim arising from the incident.

### *The Exclusion for Unreported Concert Events*

24.     The second applicable exclusion is in the Policy's endorsement entitled "Promoter Monthly Reporting Form – Working Deposit" (the "Reporting Endorsement"). Policy at 41. The Reporting Endorsement required Jade Presents to report all events in writing to Indemnity not later than 15 days after the end of the calendar month in which the event took place. Specifically, the Reporting Endorsement states that:

> This policy is subject to a monthly attendance reporting requirement. An additional premium will be developed, based on the Monthly Report Form and on policy rates. The additional premium due will be deducted from the deposit premium paid to us. Additional premiums will be billed upon exhaustion of the deposit premium.
>
> All events for the reporting basis above are due to [Indemnity] in writing, no later than 15 days after the end of the calendar month in which the event(s) took place. <u>This insurance does not apply to any loss, claim, "suit", cost, expense or liability for damages directly or indirectly based on, attributable to, arising out of, involving, resulting from or in any way related to any event(s) not reported within this time frame</u>.

Policy at 41 (emphasis added).

25. The concert at which the incident occurred was held on May 7, 2008. Amended Complaint at ¶ 11. Accordingly, under the provisions of the Reporting Endorsement, Jade Presents was to report the concert to Indemnity no later than June 15, 2008. Policy at 41.

26. However, Jade Presents did not report the concert to Indemnity until December 9, 2008 – nearly six months after it was to be reported under the Policy. Jade Presents' failure to comply with its obligations under the Reporting Endorsement further disclaims coverage under the Policy.

27. The Reporting Endorsement provides that:

> [Indemnity] ha[s] no duty to defend [Jade Presents] against any claims or "suits" seeking damages for "bodily injury" or "property damage" or "personal injury" in regard to the matters covered by this endorsement and [Indemnity] ha[s] no duty to pay damages in regard to the matters covered by this endorsement. If a "suit" or claim is brought against [Jade Presents] which contains allegations related in any way to the matters covered by the endorsement, [Indemnity] will have no obligation or liability to pay sums or perform acts or services. Such lack of coverage, lack of duty to defend and lack of duty to pay damages may result in financial loss to [Jade Presents] and/or to those persons insured under this policy.

Policy at 41.

28. The Reporting Endorsement excludes any duty to defend on the part of Indemnity. Under the Reporting Endorsement, Jade Presents had to report the Concert to Indemnity, in writing, no later than June 15, 2008. Policy at 41. Jade Presents did not do so until December 9, 2008. Under the clear and unambiguous provisions of the Reporting Endorsement, Jade Presents' failure to comply with the reporting requirement disclaims any obligation Indemnity may have had under the Policy to defend any claim or suit arising out of the concert.

## V. Relief Requested

29.     Indemnity asks the Court to enter a judgment declaring the rights and duties of the parties under Indemnity Policy No. 6002306. Indemnity asks the court to declare that Indemnity has no duty to defend Jade Presents against the claims made against Jade Presents in the case styled *Robert L. Brooks v. Jade Presents, LLC, et al.*, Case No. 11-CV-221, in the Circuit Court of Brown County, Wisconsin.

## VI. Prayer

WHEREFORE, PREMISES CONSIDERED, Indemnity prays that Defendant be cited to appear and answer herein, and that on final hearing, Indemnity have judgment as follows:

I.      A declaration that Indemnity has no duty to defend Jade Presents against the claims made against Jade Presents in the case styled *Robert L. Brooks v. Jade Presents, LLC, et al.*, Case No. 11-CV-221, in the Circuit Court of Brown County, Wisconsin; and

II.     Such other and further relief to which Indemnity may be entitled, whether at law or in equity, whether general or special.

Dated this 28 day of March, 2013.

Troy A. Wolf (05792)
Oppegard, Wolf & Quinton
1800 30th Ave. S
PO Box 657
Moorhead, MN 56561-0657
Ph. 218-233-8105
Fax 218-233-8620
Email: twolf@owqlaw.com

James A. McCorquodale
Texas State Bar No. 13464900
A M Lawyers
4015 Main Street, Suite 200
Dallas, Texas 75226
Tel. (214) 712-4472
Fax (815) 572-9448
Email sandy@theamlawyers.com

*Attorneys for Plaintiff Indemnity Insurance Corporation*